―――――o―――――

## No. 3641.

(Court of Appeal, Parish of Orleans.)

### EDWARD CURTIS vs. RICHARD W. JORDAN.

Appeal from Civil District Court, Division "B."

W. B. Spencer, J. Z Spearing and P. M. Milner, for Plaintiff and Appellant.

McCloskey and Benedict, for Defendant and Appellee.

1. Act 105 of 1898 applies to surety companies, and its declaration, that no foreign company shall do business in this State until it shall first have appointed the Secretary of State as its attorney upon whom service of process may be served, is mandatory and not permissive.

2. There is no issue as to whether such mode of service is exclusive, the appointment of the Secretary of State vacated the appointment of the previous attorney under the requirements of Act 41 of 1894, and no additional appointment of agent to accept service has been made.

3. Service of process upon the orginal attorney, now *functus officio,* is void.

DUFOUR, J. The Fidelity and Deposit Co. of Maryland, the American Surety Co. of New York, and United States Fidelity and Guaranty Co. of Maryland, sureties on a release bond given in this case, seek to annul a judgment rendered against them on this bond, on the ground primarily that "they were never legally cited to appear and answer the rule, made no appearance by counsel, and filed no answer, nor acquiesced therein."

So far as the company first mentioned is concerned, the pertinent facts are as follows:

In 1894, the General Assembly enacted a Statute Act No. 41, "to authorize certain corporations to become surety upon bonds required to be furnished by law, and prescribing the conditions upon which they may do so."

Its section 4 provides that "if such company is incorporated under the laws of any other State than this State, it shall besides file a power of attorney, appointing some resident of this State upon whom service of process can be made as required by existing laws."

Pursuant to a resolution of the Board of Directors of the Fidelity Co. adopted in 1905, Charles H. Black, a resident of New Orleans, was appointed attorney of said company, as required by the statute, and was authorized "to receive and accept service of process in all cases as provided for by the laws of the State of Louisiana, and such service shall be deemed valid personal service upon the company; this appointment to continue in force for the period of time and in the manner provided by the statute of the

State of Louisiana and *until another attorney shall be duly and regularly substituted."*

In 1898, the General Assembly enacted a statute (Act No. 105), requiring insurance companies of other States and of foreign countries, as a condition precedent to their doing business in this State, to appoint the Secretary of State as its attorney to receive service of process.

Shortly after the enactment of this statute, the Fidelity Co., acting under the same resolution under which Black had been appointed, appointed the Secretary of State as required by the law.

Service in this case was made on Black and not on the Secretary of State.

The appellee claims that such service is good, and states that the issue presented involves two propositions:

1st, Does the Act 105 of 1898 apply to surety companies, and 2nd, If it does, is the service therein provided for exclusive.

We do not find it necessary for purposes of this case to decide whether or not such mode of service is exclusive, and we do not understand the appellant to claim that it would not be bound by service of process on any other person or persons it might chose to designate for that purpose.

We consider the issues to be:

1st, As a question of law, does the Act of 1898 apply to surety companies and repeal the Act of 1894, so far as they are inconsistent, as to designation of an attorney to receive service of process, and 2nd, If so, then, as a question of fact, was there at time of service herein any attorney other than the Secretary of State, authorized to receive service for the company.

The title of the Act of 1898 announces that it relates to insurance companies, and, in the number mentioned is found, "insurance guaranteeing the fidelity of persons in positions of trust to act as surety on official bonds," and that it is "relative to companies organized under the laws of other States, to appoint Secre-

tary of State attorney to accept service."

Article I of the Act refers to local companies. Section I of Art. 2 provides that no insurance company of any other State shall transact business in this State until it shall first have appointed the Secretary of State as its attorney, upon whom service of process may be served with the same effect as if the company existed in this State.

This language is clearly mandatory and not merely permissive.

Section 26 of Article 3 of the Act (caption "General Provisions") speaks of "contracts of Fire, Marine, Life, Accident, Casualty, Surety and *all other kinds of insurance,*" and nullifies any contract made in this State by any foreign company not legally authorized to do business in this State *in accordance with the provisions of this Act.*

Where both title and body of that statute, treating of insurance generally, describe "surety" as one of its branches, we are unable to see upon what theory it may reasonably be claimed that surety companies are to be exempted from the operation of the general requirement as to the appointment as attorney of the Secretary of State.

When Black was appointed, it was in compliance with the Act of 1894; his agency was, under the very words of his procuration, to last as long as the statute was in force or until another attorney was substituted.

When the Act of 1898 came into operation and superseded that of 1894, by virtue of the same resolution under which Black had been appointed, the Secretary of State was designated as that law required; this vacated Black's agency, and he thenceforth ceased to have any authority whatsoever to receive service of process for the company.

He has not since been reappointed.

We do not find it necessary to refer to the authorities cited from other States, as the matter at issue is one depending upon

local statutes, and the distinction is marked between an agent to do business and one to accept service.

It is claimed that certain records in evidence show that, in other suits, the company made no objection to citations served on Black; this is of no avail in this instance. A party may waive want of proper citation, but, it is a matter of strict law, and any objection made to it at the proper time must be maintained, if well founded.

It is also claimed that the action of nullity being based on other grounds besides that of want of citation, the latter ground is waived; we know of no law which prevents the cumulation in such an action of all the reasons which make the judgment vulnerable.

The case of the American Surety Co. is identical with that of the Fidelity Co., as to both, we must hold that the judgment attacked is void for want of citation. But nothing in the record warrants the granting of any relief to the United States Fidelity, etc., Co., there being no information as to its compliance with the law, and no reason being given here to show any error in the judgment against it.

The judgment against the United States Fidelity and Guaranty Co. is affirmed at its costs, in other respects, the judgment appealed from is reversed, and it is now decreed that the judgment herein sought to be annulled, rendered on February 12th, 1904, and signed on February 19th, 1904, is void, null and of no effect, and the injunction against its execution be perpetuated, so far as the Fidelity and Deposit Co. of Maryland and the American Surety Co. are concerned, appellees to pay costs of both courts.

April 3rd, 1905.

Rehearing refused April 19th, 1905.

Writ granted by Supreme Court, May 8th, 1905.